### STATE ex COCHRAN v HAGUE

Ohio Appeals, 5th Dist, Licking Co

No 1867.   Decided Nov 16, 1937

Kreider & Kreider, Newark, for appellee.
Paul V. House, Newark, for appellant.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting by designation.

## OPINION

PER CURIAM

The record in this case shows that the relator, Wilbur L. Cochran, was confined in the county jail of Licking County for failure to comply with an order of the Common Pleas Court of said county, made in another action, which order directed said relator to turn over to the sheriff of Licking County a certain automobile, which said court by its entry found to belong to said relator, Wilbur L. Cochran, although the legal title thereto was in his wife, Nora Cochran.

From the original order, finding said relator to be the owner of said automobile, appeal was taken to the Court of Appeals of this district, but in said appeal the appellant therein, the relator herein, failed to have prepared and filed, within the statutory period, his bill of exceptions and upon consideration of said appeal, the Court of Appeals affirmed the judgment of the trial court.

After the commitment to jail of the relator herein, an application for a writ of habeas corpus was filed in the Probate Court of Licking County, and at the hearing upon said application, it was attempted to be shown that it was physically impossible for the relator to comply with the order of the Common Pleas Court theretofore made.

The Probate Court granted said appli-

cation for a writ of habeas corpus, and the relator was discharged from custody under the prior commitment of the Common Pleas Court. The matter is before this court upon appeal on questions of law.

Sec 12165, GC, provides as follows:

"When writ not allowed.—If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; or, if the jurisdiction appeared after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

It is perfectly obvious, from a reading of the record herein, that the Common Pleas Court had jurisdiction to make the order which it did make, and no complaint is urged as to the validity of the process or order of commitment.

20 O. Jur., Habeas Corpus, page 425, §6, states the following:

"When a person, restrained under process or order of court, seeks release from custody on habeas corpus, the inquiry is limited to the validity of the process or order, and it is only when the court was without jurisdiction to cause the detention of the applicant that habeas corpus is available. Errors which are not jurisdictional cannot be reviewed in such a proceeding. In other words, habeas corpus cannot be made a substitute for or used to subserve the functions of proceedings in error.

"Habeas corpus is not the form of action in which to try the guilt or innocence of a party. Hence, habeas corpus is not the proper mode of redress where the relator has been convicted of a criminal offense and sentenced to imprisonment, by a court of competent jurisdiction."

The application for the writ of habeas corpus sought no other end than the review of the propriety of the order of the Court of Common Pleas. Such being the case, the Probate Court should have denied the application and dismissed the plaintiff's petition; and this court now proceeding to render the judgment which the Probate Court should have rendered, orders

that said judgment be reversed and the plaintiff's petition dismissed.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.